UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


PHILLIP W. ELLISON,

      Plaintiff,

vs.                                                                          Case No. 12-12629

JP MORGAN CHASE, NA,                                            HON. AVERN COHN

      Defendant.

_____/

**MEMORANDUM AND ORDER**
**GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. 3)**
**AND**
**DISMISSING CASE**[1]

**I. Introduction**

This is another one of many cases pending in this district involving a default on a

mortgage and subsequent foreclosure proceedings.  As will be explained, the property

has been foreclosed upon and the redemption period has expired.  Nevertheless,

plaintiff believes he has a right to the property.  Plaintiff Phillip W. Ellison filed a

complaint against JP Morgan Chase, NA (Chase), asserting the following claims:

      Count I       quiet title

      Count II      unjust enrichment

      Count III     breach of implied agreement/specific performance

      Count IV     breach of M.C.L. § 3205(c)

---

[1]Although originally scheduled for hearing, the Court deems this matter
appropriate for decision without oral argument.  See Fed. R. Civ. P. 78(b); E.D. Mich.
LR 7.1(f)(2).

Before the Court is Chase's motion to dismiss under Fed. R. Civ. P. 12(b)(6). For the reasons that follow, the motion will be granted.

## II.  Background

This case involves real property located at 20078 Ballantrae Drive, Macomb Township.  On April 10, 2009, plaintiff obtained a $219,451.00 loan from Chase. Plaintiff executed a note evidencing the loan.  As security for the loan, plaintiff granted a mortgage in which she gave Chase an interest in the property.  All of these documents were recorded.

Plaintiff defaulted on the loan.  Chase initiated foreclosure by advertisement proceedings.  Chase eventually purchased the property at a foreclosure sale on September 8, 2011 for $234,319,78.  Plaintiff's right to redeem the property expired on March 8, 2012.  Plaintiff did not redeem.

On June 8, 2012, plaintiff filed a complaint in state court asserting the claims set forth above.  Chase timely removed the case to federal court and filed a motion to dismiss.

## III.  Legal Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint.  To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).  See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007).  The court is "not bound to accept as true a legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662,

678 (2009) (internal quotation marks and citation omitted).  Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss."  Id. at 679.  Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Id.  In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."  Id. at 678 (internal quotation marks and citation omitted).

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents referenced in the pleadings and central to plaintiff's claims, (2) matters of which a court may properly take notice, (3) public documents, and (4) letter decisions of government agencies may be appended to a motion to dismiss.  Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 127 S.Ct. 2499, 2509 (2007).  Here, the Court has considered documents relating to the mortgage and the foreclosure which are referenced in the complaint and central to plaintiff's claims.

## IV.  Analysis

### A.  Expiration of Redemption Period

Chase argues that the complaint should be dismissed because plaintiff failed to redeem the property and therefore lacks the ability to challenge the validity of the foreclosure.  The Court agrees.

Following foreclosure, the rights and obligations of the parties are governed by

statute.  Senters v. Ottawa Sav. Bank, FSB, 443 Mich. 45, 50-53 (1993).  Upon

expiration of the statutory redemption period, the purchaser of a sheriff's deed is vested

with "all the right, title, and interest" in the property.  See M.C.L. § 600.3236; Piotrowski

v. State Land Office Bd., 302 Mich. 179, 187 (1942).

Here, Chase purchased the property at a foreclosure sale on September 8, 2011.

The redemption period expired on March 8, 2012.  Because plaintiff failed to redeem the

property before the redemption period expired, Chase became vested with "all the right,

title, and interest" in the property by operation of law.  At that point, plaintiff, the former

owner, lost the ability to assert claims with respect to the property.  See Overton v.

Mortgage Electronic Registration Sys., Inc., No. 284950, 2009 WL 1507342, at * 1

(Mich. Ct. App. May 28, 2009) (unpublished opinion).

The Michigan Court of Appeals recently reaffirmed the holdings in Overton and

Mission of Love in Awad v. General Motors Acceptance Corp., No. 302692, 2012 WL

1415166 (Mich. Ct. App. Apr. 24, 2012).  In Awad, the statutory redemption period

expired on November 26, 2010.  Plaintiff failed to redeem the property and, instead, she

filed suit just prior to the expiration of the redemption period.  Defendant moved for

summary disposition, and the trial court granted defendant's motion on the ground that

plaintiff lacked standing to challenge the foreclosure sale.  On appeal, the Michigan

Court of Appeals affirmed, adopting the reasoning of Overton and Mission of Love.  The

court of appeals confirmed that once the redemption period expires, "all of [plaintiff's]

rights in and title to the property were extinguished" and plaintiff "therefore, lost her

standing to sue."  Id.

Courts in this district have similarly held that the expiration of the redemption period extinguishes a plaintiff's right to sue with regard to the property.  See, e.g. Collins v. Wickersham, --- F. Supp. 2d ----, 2012 WL 995208, at *3 (E.D. Mich. 2012), Kama v. Wells Fargo Bank, No. 10-10514, 2010 WL 4386974, at *2 (E.D. Mich. Oct. 29, 2010); Smith v. Wells Fargo Home Mortgage, Inc., No. 09-13988 (E.D. Mich. Aug. 16, 2010); Moriarty v. BNC Mortgage, et al, No. 1013860 (E.D. Mich. Dec. 15, 2010).

Moreover, even if plaintiff could challenge the foreclosure proceedings, the Michigan Supreme Court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside." United States v. Garno, 974 F. Supp. 628, 633 (E.D. Mich. 1997), citing Detroit Trust Co. v. Agozzinio, 280 Mich. 402, 405-06 (1937).  Moreover, the alleged fraud or irregularity must be with regard to the sale procedure itself.  See Reid v. Rylander, 270 Mich. 263, 267 (1935) (holding that a borrower is limited to validity of the foreclosure sale procedures, not the note, mortgage or other underlying instruments, or the capacity of the foreclosing party).

Here, plaintiff has not alleged a strong showing of fraud or irregularity sufficient to unwind the sheriff's sale.  Plaintiff does not allege any defect in the foreclosure procedure.  At best, plaintiff argues that the sheriff's sale should be set aside because he was allegedly misled into believing that the sale would not occur pending the outcome of the loan modification process.  This claim, which is the subject of Count III, is barred by the statute of frauds, as discussed below.

### B.  Plaintiff's Claims

### 1.  Count I - Quiet Title

Chase says that plaintiff's claim to quiet title under Count I does not state a

plausible claim for relief.  The Court agrees.  In order to properly allege a quiet title

claim, plaintiff must meet the requirements set forth in M.C.R. § 3.411, or, for a federal

cause of action, 28 U.S.C.  § 2409a(d).  These rules require that plaintiff properly allege

his or her ownership interest in the property.  M.C.R. § 3.411(B) states, "(2) The

complaint must allege, (a) the interest the plaintiff claims in the premises; (b) the interest

the defendant claims in the premises; and (c) the facts establishing the superiority of the

plaintiff's claim."  28 U.S.C. § 2409a(d) states,"[t]he complaint shall set forth with

particularity the nature of the right, title, or interest which the plaintiff claims in the real

property, the circumstances under which it was acquired, and the right, title, or interest

claimed by the United States."  Moreover, plaintiff must show that he has title to the

property superior to claims by others with an interest in the property.  Beaulah Hoagland

Appelton Qualified Pers. Residence Trust v. Emmet County Road Comm'n, 236 Mich.

App. 546, 550 (1999) ("In an action to quiet title, the plaintiff have the burden of proof

and must make out a prima facie case of title")

Here, plaintiff fails to allege any facts establishing a prima facie case of title.

Plaintiff does not contest that he failed to pay and defaulted on the loan.  He provides

no allegations to indicate that he has a plausible claim of ownership superior to Chase's.

To the extent that plaintiff is basing his claim to quiet title on alleged fraudulent

actions by Chase, it is also not sustainable.  A claim sounding in fraud is subject  to the

heightened pleading requirements under Fed. R. Civ. P. 9(b).[2]  Fed. R. Civ. P. 9(b)

provides that "[iln alleging fraud or mistake, a party must state with particularity the

circumstances constituting fraud or mistake. Fed. R. Civ. P. 9(b); see also Bender v.

Southland Corp., 749 F.2d 1205, 1216 (6th Cir. 1984).  In general, "[a] complaint is

sufficient under Rule 9(b) if it alleges 'the time, place, and content of the alleged

misrepresentation on which [the deceived party] relied; the fraudulent scheme; the

fraudulent intent of the defendants; and the injury resulting from the fraud,' and enables

defendants to 'prepare an informed pleading responsive to the specific allegations of

fraud.'" United States ex rel. Bledsoe v. Cmty. Health Sys., Inc., 501 F.3d 493, 509 (6th

Cir. 2007) (citations omitted).  The purpose of the additional pleading requirements of

Rule 9(b) is to "provide defendants with a more specific form of notice as to the

particulars of their alleged misconduct." Brown v. Bank of New York Mellon, 2011 WL

206124 at *3 (W.D. Mich. 2011).

Plaintiff has not plead his quiet title claim under Count I sufficient to satisfy Rule

9(b).  Plaintiff makes only conclusory statements that some unspecified action by Chase

was designed to preclude him from entering into a loan modification.  His allegations are

insufficient to state a viable claim to quiet title based on fraud.

## 2.  Count II - Unjust Enrichment

---

[2]Plaintiff's response suggest that he is alleging fraud claims inasmuch as he argues he has properly plead fraud claims.  Putting aside that the complaint does not specifically allege a fraud claim, plaintiff has not satisfied Rule 9(b)'s requirements.

Chase says dismissal of Count II, claiming unjust enrichment, is appropriate because the subject matter of the dispute is governed by a written contract.  The Court agrees.  "[T]o sustain the claim of unjust enrichment, plaintiff must establish (1) the receipt of a benefit by defendant from plaintiff, and (2) an inequity resulting to plaintiff because of the retention of the benefit by defendant."  Belle Isle Grill Corp. v. Detroit, 256 Mich. App. 463, 478 (2003), (citing Barber v. SMH (US), Inc., 202 Mich. App. 366, 375 (1993)).  "If this is established, the law will imply a contract in order to prevent unjust enrichment."  Belle Isle Grill Corp., 256 Mich. App. at 478, (citing Martin v. East Lansing School Dist., 193 Mich. App. 166, 177 (1992)).  "However, a contract will be implied only if there is no express contract covering the same subject matter."  Id.

Here, the mortgage and note form an express written contract between the parties, which precludes a claim for unjust enrichment.  Moreover, plaintiff has not alleged that Chase received a benefit from him.  Plaintiff failed to pay and defaulted on his loan.  Chase acted in accordance with its rights under the mortgage and note. In short, plaintiff has not made out a viable claim for unjust enrichment.

### 3.  Count III - Breach of Implied Agreement, Specific Performance

Chase correctly argues that plaintiff cannot prevail on a claim for breach of an implied agreement because any such claim is barred by the statute of frauds.  Plaintiff's claim for breach of an implied agreement is based on alleged statements concerning a loan modification.  The allegations, which are at best an expression of intentions, do not show the establishment of an implied contract.

In any event, Michigan's statute of frauds specifically prohibits any action against a financial institution, like Chase, to enforce a promise or commitment to modify a loan

agreement unless it is in writing.  The statute provides in relevant part:

> An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
> (a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.
> (b) **A promise or commitment to** renew, extend, **modify**, or permit a delay in **repayment or performance of a loan**, extension of credit, or other financial accommodation.
> (c) A promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

M.C.L. § 566.132(2) (emphasis added).  Michigan courts have applied section

566.132(2) in holding that any agreement to modify a loan, waive a loan provision, or to

provide any other financial accommodation must be in writing and signed by the

financial institution.  See Crown Technology Park v. D&N Bank, FSB, 242 Mich. App.

538, 549 (2000).

Here, plaintiff's claims for breach of implied agreement arises out of alleged oral

promises concerning a loan modification.  Because plaintiff has not alleged the

existence of a writing signed by Chase confirming a loan modification, the claim must be

dismissed as barred by the statute of frauds.[3]

### 4.  Count IV - Breach of M.C.L. § 600.3205c

In Count IV, plaintiff alleges that Chase failed to follow section 600.3205c

because it did not modify his mortgage.  Putting aside that plaintiff has not alleged he

was entitled to a loan modification, section 600.3205c does not require Chase to modify

---

[3]Chase also argues that Counts I, II and IV are subject to dismissal based on the statute of frauds to the extent they are based on alleged oral promises.  The Court agrees.

9

any specific loan, and it does not provide any basis for unwinding the foreclosure.

Rather, the statute provides a borrower with an opportunity to enjoin the sale and force

the foreclosure to be conducted under the judicial foreclosure process if the foreclosure

is conducted in violation of the statute.  See M.C.L. § 600.3205c(8).  Unless the

borrower timely files a complaint seeking such relief, nothing prevents the lender from

foreclosing by advertisement.  Id.  The statute does not provide a plaintiff with a cause

of action to seek the reversal of a sheriff's sale that has already occurred.

Other courts in this district have examined this issue on multiple occasions, and

concluded that a borrower's sole relief for an alleged violation of the loan modification

statutes is to seek the conversion of the foreclosure sale to a judicial foreclosure, prior

to the sale.   See Stein v. U.S. Bancorp, Case No. 10–14026, 2011 WL 740537, at *10

(E.D. Mich. Feb. 24, 2011) ("The provision allows certain borrowers to determine the

type of foreclosure proceeding, not to avoid foreclosure altogether or set aside an

already-completed foreclosure." (emphasis in original)); Adams v. Wells Fargo Bank,

N.A., Case No. 11–10150, 2011 WL 3500990, at *4 (E.D. Mich. Aug. 10, 2011) ("Even if

Plaintiff is correct about Defendant's failure to agree to a modification, he failed to show

that he is entitled to the requested relief.  The plain language of § 600.3205c(8) limits

his relief.  It does not authorize the Court to set aside the foreclosure."). Thus, even if

plaintiff could allege that he is entitled to a loan modification, he cannot obtain the relief

he seeks in the form of setting aside the foreclosure sale.  Accordingly, Count IV must

be dismissed.

## V.  Conclusion

For the reasons stated above, Chase's motion to dismiss is GRANTED.[4]  This

case is DISMISSED.

SO ORDERED.


S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  October 2, 2012


I hereby certify that a copy of the foregoing document was mailed to the attorneys of
record on this date, October 2, 2012, by electronic and/or ordinary mail.


S/Julie Owens
Case Manager, (313) 234-5160

---

[4]The Court decline to address Chase's argument that plaintiff's claims are barred
by laches.